# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
11/30/2023 at 07:58:32 PM
By: Damaree Franklin,
Deputy Clerk

1  STRATEGIC LEGAL PRACTICES
   A PROFESSIONAL CORPORATION
2  Tionna Carvalho (SBN 299010)
   tcarvalho@slpattorney.com
3  Sanam Vaziri (SBN 177384)
   (emailservices@slpattorney.com)
4  1888 Century Park East, 19th Floor
   Los Angeles, CA 90067
5  Telephone: (310) 929-4900
   Facsimile: (310) 943-3838
6

7

8  Attorneys for Plaintiffs:
   PAUL D. VASCONCELOS AND JANICE L. VASCONCELOS

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| PAUL D. VASCONCELOS AND JANICE L. VASCONCELOS, | Case No.: 23CV055394 |
| Plaintiffs, | Hon.<br>Dept. |
| vs. | **COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS** |
| JAGUAR LAND ROVER NORTH AMERICA, LLC; COLE EUROPEAN; and DOES 1 through 10, inclusive, | |
| Defendants. | JURY TRIAL DEMANDED |

*(sidebar)* STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1    Plaintiffs allege as follows:

2    **PARTIES**

3        1.    As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs PAUL D.

4    VASCONCELOS AND JANICE L. VASCONCELOS.

5        2.    Plaintiffs are residents of Alameda County, California.

6        3.    As used in this Complaint, the word "Defendants" shall refer to all Defendants

7    named in this Complaint.

8        4.    Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC ("Defendant

9    JLRNA") is a corporation organized and in existence under the laws of the State of Delaware

10   and registered with the California Department of Corporations to conduct business in California.

11   Defendant JLRNA's principal place of business is in the State of New Jersey. At all times

12   relevant herein, Defendant was engaged in the business of designing, manufacturing,

13   constructing, assembling, marketing, distributing, and selling automobiles and other motor

14   vehicles and motor vehicle components in Alameda County, California.

15       5.    Defendant COLE EUROPEAN ("COLE") is an unknown business entity

16   organized and in existence under the laws of the State of California. At all times relevant herein,

17   Defendant was engaged in the business of selling automobiles and automobile components, and

18   servicing and repairing automobiles in Contra Costa County, California.

19       6.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued

20   under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure

21   section 474. When Plaintiffs become aware of the true names and capacities of the Defendants

22   sued as DOES 1 to 10, Plaintiffs will amend this Complaint to state their true names and

23   capacities.

24       7.    By filing this Complaint, Plaintiffs hereby revoke acceptance of the Subject

25   Vehicle yet again.

26   **FACTUAL BACKGROUND**

27       8.    On or about August 22, 2019, Plaintiffs entered into a warranty contract with

28   Defendant JLRNA regarding a Certified Pre-Owned 2017 Land Rover Range Rover, vehicle

1

**COMPLAINT; JURY TRIAL DEMANDED**

identification number SALGS2FK1HA361992 (hereafter "Vehicle"), which was manufactured and or distributed by Defendant FCA.

9.     The warranty contract contained various warranties, including but not limited to the bumper-bumper warranty, powertrain warranty, emission warranty, etc.

10.     Pursuant to the Song-Beverly Consumer Warranty Act (the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes. Plaintiffs are a "buyer" of consumer goods under the Act. Defendant JLRNA is a "manufacturer" and/or "distributor" under the Act.

11.     Plaintiffs justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, et seq. by filing this Complaint and/or did so prior to filing the instant Complaint.

12.     These causes of action arise out of the warranty obligations of JLRNA in connection with a motor vehicle for which JLRNA issued a written warranty.

13.     Defects and nonconformities to warranty manifested themselves within the applicable express warranty period, including but not limited to, engine defects, infotainment defects, electrical defects; among other defects and non-conformities.

14.     Said defects/nonconformities substantially impair the use, value, or safety of the Vehicle.

15.     The value of the Vehicle is worthless and/or *de minimis*.

16.     Under the Song-Beverly Act and/or the Magnuson-Moss Act, Defendant JLRNA had an affirmative duty to promptly offer to repurchase or replace the Subject Vehicle at the time it failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.[1]

---

[1] "A manufacturer's duty to repurchase a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 301-302, 45 Cal.Rptr.2d 10.) Chrysler performed the bridge operation on Santana's vehicle in August 2014 with 30,262 miles on the odometer—within the three-year, 36,000 mile warranty. The internal e-mails demonstrating Chrysler's awareness of the safety risks inherent in the bridge operation were sent in September 2013, and thus Chrysler was well aware of the problem when it performed the bridge operation on Santana's vehicle. Thus, Chrysler's duty to repurchase or provide restitution arose prior to the expiration of the three-year, 36,000 mile warranty. Moreover, although we do not have the actual five-year, 100,000 mile power train warranty in our record, Santana's expert testified that the no-start/stalling issues Santana experienced were within the scope of the power train warranty, which was still active when Santana requested

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

17.     Defendant JLRNA has failed to either promptly replace the Subject Vehicle or to promptly make restitution in accordance with the Song-Beverly Act and/or the Magnuson-Moss Act.

18.     Under the Song-Beverly Act and/or the Magnuson-Moss Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation to an authorized repair facility for a nonconformity.

19.     Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, et seq.

20.     Plaintiffs are entitled to recover any "cover" damages under Civil Code, section 1794, et seq.

21.     Plaintiffs are entitled to recover all incidental and consequential damages pursuant to Civil Code, section 1794 et seq.

22.     Plaintiffs suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00.

23.     Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendants' failure to comply with its obligations under the Song-Beverly Act.

**TOLLING OF THE STATUTES OF LIMITATION**

24.     To the extent there are any statutes of limitation applicable to any of Plaintiffs' claims-the running of the limitation periods to any such claims have been tolled by, inter alia, the following doctrines or rules: equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (*e.g., the American Pipe rule*).

**A.     Class Action Tolling**

repurchase in approximately January 2016, at 44,467 miles. Thus the premise of Chrysler's argument—that Santana's request for repurchase was outside the relevant warranty—is not only irrelevant, but wrong." *Santana v. FCA US, LLC*, 56 Cal. App. 5th 334, 270 Cal. Rptr. 3d 335 (2020).

25. Under the tolling rule articulated in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) ("American Pipe"), the filing of a class action lawsuit in federal court tolls the statute of limitations for the claims of unnamed class members until the class certification issue is resolved. In applying *American Pipe* tolling to California cases, the California Supreme Court summarized the tolling rule derived from American Pipe and stated that the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1119 (1988). Tolling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action. *Falk v. Children's Hosp. Los Angeles,* 237 Cal. App. 4th 1454, 1464 (2015).

26. The tolling of Plaintiffs' individual statute of limitations encourages the protection of efficiency and economy in litigation as promoted by the class action devise, so that putative class members would not find it necessary to seek to intervene or to join individually because of fear the class might never be certified or putative class members may subsequently seek to request exclusion.

**B. Discovery Rule Tolling**

27. Making it even more difficult to discover that the Subject Vehicle's transmission suffered from a safety defect was Defendants' issuance of various TSBs and Recalls purporting to be able to fix various symptoms of the defects.

28. As a result of the foregoing, Plaintiffs did not become suspicious of Defendant's concealment of the latent defects and its inability to repair it until then shortly before filing of the complaint, when the issue persisted following Defendant's representations that the Vehicle was repaired.

29. Plaintiffs always acted diligently in presenting the Subject Vehicle for repairs and following the directives of Defendant's authorized repair personnel.

30. Defendants were under a continuous duty to disclose to Plaintiff the true character, quality, and nature of the Defendant Vehicles' suffering from the Defects, and the inevitable repairs, costs, time, and monetary damage resulting from the Defects. Due in part to

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1  Defendant's failure to do so, Plaintiffs were unable to discover Defendant's wrongful conduct

2  alleged herein until the issues persisted following Defendants attempts to conform the Vehicle

3  to its warranties.

4     31.     Plaintiffs discovered Defendant's wrongful conduct alleged herein shortly before

5  the filing of the complaint, as the Vehicle continued to exhibit symptoms of defects following

6  JLRNA's unsuccessful attempts to repair them. However, JLRNA failed to provide restitution

7  pursuant to the Song – Beverly Consumer Warranty Act.

8     **C. The Repair Doctrine**

9     32.     The statute of limitations is tolled by various unsuccessful attempts to repair the

10  vehicle.

11    33.     Additionally, the limitations period for warranty claims is tolled against a

12  defendant whenever that Defendant claims that the defect is susceptible to repair and attempts

13  to repair the defect.

14    34.     Here, Defendant undertook to perform various defects repairs. During the time

15  in which Defendant represented to Plaintiffs that the Vehicle was fixable and attempted to fix

16  it, the warranty period may thus have been tolled.

17    35.     Plaintiffs did not discover Defendants' wrongful conduct alleged herein until

18  shortly before the filing of the complaint, as stated in more detail above and incorporated herein

19  by reference.

20              **FIRST CAUSE OF ACTION**

21          **BY PLAINTIFFS AGAINST DEFENDANT JLRNA**

22    **VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2**

23    36.     Plaintiffs incorporate by reference the allegations contained in the paragraphs set

24  forth above.

25    37.     Defendant JLRNA and its representatives in this state have been unable to

26  service or repair the Vehicle to conform to the applicable express warranties after a reasonable

27  number of opportunities.  Despite this fact, Defendant JLRNA failed to promptly replace the

28

**COMPLAINT; JURY TRIAL DEMANDED**

1  Vehicle or make restitution to Plaintiffs as required by Civil Code section 1793.2, subdivision

2  (d) and Civil Code section 1793.1, subdivision (a)(2).

3      38.      Plaintiffs have been damaged by Defendant JLRNA's failure to comply with its

4  obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section

5  1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code

6  section 1794.

7      39.      Defendant JLRNA's failure to comply with its obligations under Civil Code

8  section 1793.2, subdivision (d) was willful, in that Defendant JLRNA and its representative

9  were aware that they were unable to service or repair the Vehicle to conform to the applicable

10  express warranties after a reasonable number of repair attempts, yet Defendant JLRNA failed

11  and refused to promptly replace the Vehicle or make restitution.  Accordingly, Plaintiffs are

12  entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code

13  section 1794, subdivision (c).

14      40.      Defendant JLRNA does not maintain a qualified third-party dispute resolution

15  process which substantially complies with Civil Code section 1793.22.   Accordingly,

16  Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to

17  Civil Code section 1794, subdivision (e).

18      41.      Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and

19  (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code

20  section 1794, subdivision (e).

**SECOND CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT JLRNA**

**VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2**

24      42.      Plaintiffs incorporate by reference the allegations contained in the paragraphs

25  set forth above.

26      43.      Although Plaintiffs presented the Vehicle to Defendant JLRNA's

27  representative in this state, Defendant JLRNA and its representative failed to commence the

28  service or repairs within a reasonable time and failed to service or repair the Vehicle so as to

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

44. Plaintiffs have been damaged by Defendant JLRNA's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

45. Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiffs do so again. Accordingly, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price. In the alternative, Plaintiffs seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiffs believe that, at the present time, the Vehicle's value is *de minimis*.

46. Defendant JLRNA's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant JLRNA and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

**THIRD CAUSE OF ACTION**

**BY PLAINTIFFS AGAINST DEFENDANT JLRNA**

**VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2**

47. Plaintiffs incorporate by reference the allegations contained in paragraphs set forth above.

48. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant JLRNA failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiffs have been damaged by Defendant JLRNA's failure to comply with its obligations pursuant to

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

1  Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil

2  Code section 1794.

3      49.     Defendant JLRNA's failure to comply with its obligations under Civil Code

4  section 1793.2, subdivision (a)(3) was wilful, in that Defendant JLRNA knew of its obligation

5  to provide literature and replacement parts sufficient to allow its repair facilities to effect

6  repairs during the warranty period, yet Defendant JLRNA failed to take any action to correct

7  its failure to comply with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two

8  times Plaintiffs' actual damages, pursuant to Civil Code section 1794(c).

### FOURTH CAUSE OF ACTION

### BY PLAINTIFFS AGAINST DEFENDANT JLRNA

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### (CIV. CODE, § 1791.1; § 1794; § 1795.5)

13      50.     Plaintiffs incorporate by reference the allegations contained in the paragraphs

14  set forth above.

15      51.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied

16  by Defendant JLRNA's implied warranty of merchantability.  Pursuant to Civil Code section

17  1791.1, the duration of the implied warranty is coextensive in duration with the duration of

18  the express written warranty provided by Defendant JLRNA, except that the duration is not

19  to exceed one-year.

20      52.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of

21  merchantability means and includes that the Vehicle will comply with each of the following

22  requirements:  (1) The Vehicle will pass without objection in the trade under the contract

23  description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used;

24  (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform

25  to the promises or affirmations of fact made on the container or label.

26      53.     The subject vehicle was sold with one or more latent defect(s), as set forth

27  above. The existence of the said latent defect(s) constitutes a breach of the implied warranty

28  because the Vehicle (1) does not pass without objection in the trade under the contract

1    description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not

2    adequately contained, packaged, and labelled, and (4) does not conform to the promises or

3    affirmations of fact made on the container or label.

4         54.     Plaintiffs have been damaged by Defendant JLRNA's failure to comply with its

5    obligations under the implied warranty, and therefore brings this Cause of Action pursuant to

6    Civil Code section 1794.

7    **FIFTH CAUSE OF ACTION**

8    **BY PLAINTIFFS AGAINST DEFENDANT COLE**

9    **NEGLIGENT REPAIR**

10        55.     Plaintiffs incorporate by reference the allegations contained in the paragraphs

11   set forth above.

12        56.     Plaintiffs delivered the Subject Vehicle to Defendant COLE for substantial

13   repair on at least one occasion.

14        57.     Defendant COLE owed a duty to Plaintiffs to use ordinary care and skill in

15   storage, preparation and repair of the Subject Vehicle in accordance with industry standards.

16        58.     Defendant COLE breached its duty to Plaintiffs to use ordinary care and skill

17   by failing to properly store, prepare and repair the Subject Vehicle in accordance with industry

18   standards.

19        59.     Defendant COLE's negligent breach of its duties owed to Plaintiffs were a

20   proximate cause of Plaintiffs' damages.

21   **SIXTH CAUSE OF ACTION**

22   **BY PLAINTIFF AGAINST DEFENDANT**

23   **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

24        60.     Plaintiff incorporates by reference the allegations contained in the paragraphs set

25   forth above.

26        61.     Plaintiff is a "consumer[s]" as defined in the Magnuson-Moss Warranty Act

27   (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

**COMPLAINT; JURY TRIAL DEMANDED**

62.     Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

63.     The Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

64.     In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiff, an implied warranty of merchantability was created under applicable state law remedies. The Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the Vehicle; thus, any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

65.     Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Vehicle.

66.     Plaintiff has also met all of Plaintiff's obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiff to do so.

67.     In addition,  Plaintiff has met all of Plaintiff's obligations for bringing this claim as provided in the written warranties, or alternatively,  Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

68.     As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

69.     Under the Act, Plaintiff is entitled to reimbursement of the entire amount paid or payable, or alternatively, a replacement vehicle and/or California lemon law remedies.[2]

70.     Plaintiff is entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

---

[2] Federal courts throughout the country, including the Ninth Circuit, have recognized that Magnuson–Moss itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. See, e.g., *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir.2004).

**COMPLAINT; JURY TRIAL DEMANDED**

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, SUITE 430, LOS ANGELES, CA 90067

71.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, implied warranty, as well as any other violations alleged here, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and seeks remedies under the Magnuson Moss Act and/or applicable California lemon law remedies.

72.     Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

**PRAYER**

PLAINTIFFS PRAY for judgment against Defendants as follows:

a.  For general, special and actual damages according to proof;

b.  For restitution;

c.  For any consequential and incidental damages;

d.  For a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

e.  For prejudgment interest at the legal rate;

f.  For applicable California lemon law remedies pursuant to the Magnuson-Moss Act[3] and/or 15 U.S.C. 2304(a)(4);

g.  For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d); (e) and 15 U.S.C. section 2310(d) and/or any other statutory provision that allows for recovery of such attorney fees, costs and/or expenses; and

h.  For such other relief as the Court may deem proper.

---

[3] *And see* Brilliant v. Tiffin Motor Homes, Inc., No. C 09-04568 SI, 2010 WL 2721531, at *3 (N.D. Cal. July 7, 2010) ("Federal courts throughout the country, including the Ninth Circuit, have recognized that Magnuson-Moss itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. See, e.g., Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1039 (9th Cir.2004); MacKenzie, 607 F.2d at 1166–67; Gusse v. Damon Corp., 470 F.Supp.2d 1110, 1116–17 (C.D.Cal.2007); Romo v. FFG Insurance Company, 397 F.Supp.2d 1237, 1239 (C.D.Cal.2005); DeShazer v. Nat'l RV Holdings, Inc., 391 F.Supp.2d 791, 794 (D.Ariz.2005).)")

**COMPLAINT; JURY TRIAL DEMANDED**

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiffs hereby demand a jury trial on all causes of action asserted herein.

3    Dated: November 30, 2023                    STRATEGIC LEGAL PRACTICES, APC

4                                                BY:

5                                                ───────────────────────────────
                                                 TIONNA CARVALHO
6                                                Attorneys for Plaintiffs
                                                 PAUL D. VASCONCELOS
7                                                AND JANICE L. VASCONCELOS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT; JURY TRIAL DEMANDED**